Clinton Rooney (SBN 221628)
rooneycdi@gmail.com
Rooney & Lickel
1102 Cesar Chaves Parkway
San Diego, CA 92113
Phone (619) 573-9547

Patric A. Lester (SBN 220092)
pl@lesterlaw.com
5694 Mission Center Road, #358
San Diego, CA 92108
Phone (619) 665-3888
Fax (314) 241-5777

Attorneys for Plaintiff Arminda O. Alaan

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

ARMINDA O. ALAAN,

Plaintiff,

v.

ASSET ACCEPTANCE LLC,

Defendant

Case No.: 10cv328-WQH (BLM)

PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF EX PARTE APPLICATION FOR AN ORDER CONTINUING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

[FILED CONCURRENTLY WITH DECLARATION OF PATRIC LESTER, NOTICE OF LODGMENT, AND EXHIBIT INDEX A-B]

Courtroom: 4, 4th Floor
Judge: Hon. William Q. Hayes
Amended Complaint Filed: April 15, 2010

**INTRODUCTION**

There has been no discovery propounded and therefore no production of documents, no interrogatory responses and no defense party or witness depositions in this case. The opposition to Asset's Motion for Summary Judgment Ex Parte Application for Order Continuing Defendant's Motion for Summary Judgment ("56(f) Motion") argues that discovery has already been concluded in the dismissed state court action and therefore Alaan has all the discovery she needs to respond to Defendants Motion for Summary Judgment and as a result there is no basis for the 56(f) motion.

In fact discovery never was concluded in the state court case before the parties dismissed their respective claims. Under Federal Rule of Civil Procedure 56(e)(1) any response Alaan makes must comply with *facts that would be admissible in evidence* (emphasis added) and at this point in time no

discovery has taken place that could produce such evidence making it impossible for Alaan to respond in compliance with 56(e).

**PROCEDURAL HISTORY**

In addition to previous history given in the 56(f) motion and the opposition, Asset filed in its Motion for Extension of Time to File a response to the 56(f) motion August 24, 2010.

The key events in the previously recited history are that on August 9, 2010 Asset served and filed its Motion for Summary Judgment ("MSJ") and that its initial disclosure was received by mail service the same day, August 9, 2010. In it Asset neither specified nor produced any particular identifiable documents or disclosures.

**STATEMENT OF FACTS**

Defendant's initial disclosures identified various categories of documents but none were identified, described nor attached. However the MSJ set out in the detail and attached documents in the defendant's affidavit. (See Defendant's Initial Disclosure Ex. B and Ken Proctor affidavit Doc. # 10 and 10-3) Presumably both the MSJ and the initial disclosures were created at the same time or close to the same time.

In the state court action now dismissed Asset, through its counsel Thomas Ray, claimed to have provided all of the documents available to them. Several months later, at a deposition of Alaan held shortly before the date set for trial, and well after the close of discovery, Mr. Ray brought a redacted, unverified and incomplete copy of what he claimed was a contract for the sale of the account at issue to Asset Acceptance. Mr. Ray had no explanation for why this document had been withheld during discovery and how it was possible his client did not have this document previously, when it was asked for it in discovery, when *his client was a party to the contract*. Mr. Ray indicated that he would not provide a verified, un-redacted and complete copy of the document without a protective order, despite the fact that Alaan had requested discovery months before and Mr. Ray sought no previous protective order.

Several months later, in the current action, Asset's current counsel Jeffrey Topor requested that Alaan stipulate to a blanket protective order for all of Asset's documents. Mr. Topor did not identify any particular document or any basis for protection. Despite having possession of this

document, Asset did not disclose this document in their initial disclosures in this action. To date, Asset has not produced a complete, un-redacted and verified copy of this document from either Mr. Ray or Mr. Topor. (See Declaration of Clinton Rooney Ex. B)

**ARGUMENT**

Presumably, Asset has the admissible evidence and but for numerous reasons does not want to produce it in a form that Alaan could use in an opposition to the MSJ. Instead Asset prefers to circumvent the whole process of discovery with a premature MSJ and then vigorously oppose any attempt by Alaan to get time to obtain that discovery.

While Alaan has set out the law in its 56(f) Motion, it bears repetition

> **"Where a summary judgment motion is filed so early in the litigation, before a party has had a realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant Rule 56(f) motions fairly freely.** (emphasis added) *Burlington Northern Santa Fe Railroad Comp. v. The Assibiniboine and Sioux Tribes of the Fort Peck Reservation*, 323 F.3d. 767, 773 (9th Cir. 2003). Indeed, the Supreme Court has restated the rule as **requiring, rather than merely permitting discovery "where the non-moving party has not had the opportunity to discover information that is essential to its position."** (emphasis added) *Id*., citing *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986).

> "Rule 56(f) based continuation of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence." *Burlington Northern*, *supra*, 323 F.3d at 773 - 774, citing *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 n. 4 (5th Cir. 1992) and *Sames v. Gable*, 732 F.2d 49, 52 (3rd Cir. 1984).

Nothing has been produced comprising *facts* that would be admissible in evidences and thereby usable in a response to the MSJ. The chance to obtain such evidence through the discovery process is being vigorously opposed by Asset. Asset's position that even if discovery had been propounded, "right out of the gate" it is not their intention to comply with it voluntarily, and certainly not without the necessity of motions for protective orders and to compel and the timetable these motions allow appears to confirm this.

It is hard to imagine a reason for this tack consistent with good faith disclosure practices under the Federal rules. It is almost transparent that the premature filing of this MSJ is simply to attain and advance a tactical advantage and not to save any party or the Court time. The basic purpose of Summary Judgment in simplifying issues and advancing judicial economy is thereby thwarted.

Even assuming but not conceding that all the facts needed to oppose the MSJ were contained in the attachments to the MSJ they are fatally defective in their inadmissibility under 56(e), an argument that is best suited for a future response to the MSJ, if that becomes necessary.

> "Further, where, as in the present litigation, no discovery whatsoever has taken place, the party making a Rule 56(f) **motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid.**" (emphasis added) *Burlington Northern, supra*, 323 F.3d at 774.

It is difficult to imagine facts better suited for these legal principles than this instant case. Asset takes great pains to set out why the specifics in Mr. Lester's declaration are not specific enough. Without some type of powers of clairvoyance or premonition, it is hard to imagine how Mr. Lester could at this point in the infancy of the discovery process be more specific. It would be difficult to find facts more tailor made to the rationale and purpose articulated in Burlington Northern than those in the present case.

This court has granted continuances or denied the Motion for Summary Judgment entirely in previous cases before this Court in which extensive discovery has taken place in which the cases were much more developed, procedurally, than this case. (See Kelly v. Provident Life and Accident Insurance Company, No. 04cv807 WQH, 2010 WL 546065 (S.D. Cal. Feb. 9, 2010) (Slip copy) (continued) and Clarendon America Ins. Co. v. Steadfast Ins. Co., No. 08cv1429 WQH, 2010 WL 431433 (S.D. Cal. Jan. 29, 2010) (Not reported) (denied).

## CONCLUSION

Therefore, as the early filing of Asset's MSJ, before disclosures were made and discovery began, effectively prevents Alaan from conducting discovery regarding the issues encompassed by Asset's Motion for Summary Judgment, Alaan respectfully request the Court grant Alaan's Ex Parte Application and pursuant to Rule 56(f) continue Asset's Motion for Summary Judgment until Alaan has a reasonable opportunity to conduct discovery or deny the motion and grant such further relief as to the Court seems just and proper.

Dated this September 9, 2010

*/s/ Patric Lester*______________________________
Patric A. Lester
Attorney for Plaintiff, Arminda O. Alaan