1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMINDA O. ALAAN,<br><br>                              Plaintiff,<br>        vs.<br>ASSET ACCEPTANCE LLC,<br><br>                              Defendant. | CASE NO. 10cv328 WQH (BLM)<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion for Summary Judgment filed by Defendant Asset Acceptance LLC ("Asset") (ECF No. 10), and the Ex Parte Motion to Continue Defendant's Motion for Summary Judgment filed by Plaintiff Arminda O. Alaan (ECF No. 13).

## I.    Background

On February 10, 2010, Alaan initiated this action by filing a Complaint against Asset. (ECF No. 1.)  On April 15, 2010, Alaan filed a First Amended Complaint.  (ECF No. 3.)

### A.    Allegations of the First Amended Complaint

In November 1999, Alaan incurred a consumer debt to Citibank.  *Id*. ¶ 7.  Alaan defaulted on the debt.  *Id.* ¶ 8.

On February 19, 2009, Asset filed a lawsuit against Alaan in California state court which sought to collect $3,991.42 plus interest and attorney's fees.  Asset alleged in the state

court complaint that Asset was the "Assignee of Citibank." *Id.* ¶ 11. "[T]he Asset v. Alaan [state court] complaint ... misrepresents that the debt was assigned to Asset." *Id.* ¶ 13. "Asset misrepresented the character, amount or legal status of the debt in the Asset v. Alaan complaint." *Id.* ¶ 14. "Asset stated in the Asset v. Alaan complaint that it was collecting $3,991.42 as principal, however this is a misrepresentation of the principal, as the $3,991.42 figure includes fees, interest and other charges which are not part of the principal debt." *Id.* ¶ 12.

Alaan alleges that Asset violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.

**B.     Procedural History**

On June 11, 2010, the Magistrate Judge issued an Order Scheduling an Early Neutral Evaluation Conference for July 21, 2010.  (ECF No. 6).

On July 5, 2010, the parties filed a Joint Motion to Continue the Early Neutral Evaluation Conference in anticipation of Asset filing a motion for summary judgment.  (ECF No. 8).

On July 6, 2010, the Magistrate Judge issued an Order vacating the Early Neutral Evaluation Conference and scheduling a Case Management Conference on August 13, 2010. (ECF No. 9).  The Magistrate Judge ordered the parties to make their initial disclosures and lodge a joint discovery plan by August 6, 2010.

On August 9, 2010, Asset filed the Motion for Summary Judgment.  (ECF No. 10). Asset contends that it is entitled to summary judgment because:

> The undisputed evidence shows that, contrary to Alaan's assertions, Asset acquired Alaan's unpaid Citibank account pursuant to a Purchase and Sale Agreement; Asset never said it was seeking to collect 'principal' in its collection complaint against Alaan, but even if it had, this would not state a claim under the FDCPA, given the Ninth Circuit's recent ruling in *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010); Asset did not misrepresent its right to request attorneys' fees; and Asset prayed for interest at a rate substantially below the interest rate imposed by the original creditor, Citibank, as reflected in the monthly account statements sent to Alaan.

*Id.* at 2.

On August 13, 2010, the Magistrate Judge issued a Case Management Conference

Order regulating discovery and other pre-trial proceedings.  (ECF No. 12).  In the order, the Magistrate Judge set discovery guidelines and ordered the parties to complete discovery by March 15, 2011.

On August 24, 2010, Alaan filed the Ex Parte Motion to Continue Defendant's Motion for Summary Judgment.  (ECF No. 13).  Alaan contends:

> As Asset's MSJ was filed the same day the initial disclosures were received by mail service and before the parties engaged in discovery, Asset's MSJ should be continued until discovery is conducted to allow Alaan to obtain evidence (both documentary and testimonial) which may be necessary to oppose Asset's MSJ.

(ECF No. 13-1 at 5).  Alaan contends that Asset failed to produce any documents in its initial disclosures and asserts that she needs more time to obtain and analyze documents and to interview and depose key witnesses.  *See id*. at 8.  Alaan submits an affidavit from her counsel listing the discovery which Alaan anticipates conducting "in preparation to address each of the arguments and issues raised by Asset's [Motion for Summary Judgment]."  (Lester Decl. ¶ 9, ECF No. 13-2).  Among other things, Alaan's counsel states that he anticipates "[d]eposing percipient witnesses and persons most knowledgeable acting on behalf of Asset including Ken Proctor (Asset's affiant in this MSJ) and Elizabeth Gamache (Asset's paralegal, custodian of records, legal administrator and designated corporate representative), and those acting on behalf of Citibank including its custodian of records and designated corporate representative to show that their testimony will establish that representations in Asset's complaint had no admissible evidentiary basis."  *Id*. ¶ 9(d).

On September 2, 2010, Asset filed an opposition to the Ex Parte Motion to Continue Defendant's Motion for Summary Judgment.  (ECF No. 17).  Asset contends that Alaan's motion should be denied because Alaan obtained the documents she is currently seeking during the course of the state court action.  Asset contends that "[d]epositions are not needed" and Alaan's "speculation" concerning what deponents might say is not sufficient to warrant a continuance of the Motion for Summary Judgment.  *Id*. at 9.

## II.    Discussion

Federal Rule of Civil Procedure 56(f) provides that if "a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts

essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed. R. Civ. P. 56(f). "Where ... a summary judgment motion is filed ... early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely." *Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Ft. Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (citing *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f) facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the non-moving party has not had the opportunity to discover information that is essential to its opposition.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)); *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) (Rule 56(f) "continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence.")).

Asset filed the Motion for Summary Judgment three days after it made its initial discovery disclosures and four days prior to the Case Management Conference. Although Asset has shown that Alaan received some documentary discovery during the state court litigation, Alaan has submitted an affidavit identifying additional discovery which Alaan anticipates conducting in this action. Given the early stage of this litigation, the Court finds that Alaan has satisfied the requirements for receiving a continuance pursuant to Rule 56(f). The Ex Parte Motion to Continue Defendant's Motion for Summary Judgment is granted. As much as practicable, Alaan shall tailor its initial discovery toward the issues raised in the Motion for Summary Judgment. *Cf. Santa Fe R.R. Co.*, 323 F.3d at 775 ("[T]he district court may tailor limited discovery before again entertaining a motion for summary judgment."). Asset's Motion for Summary Judgment is denied without prejudice to renew the motion upon the completion of limited discovery.

**III.     Conclusion**

IT IS HEREBY ORDERED that the Ex Parte Motion to Continue Defendant's Motion for Summary Judgment is GRANTED.  (ECF No. 13).  The Motion for Summary Judgment is DENIED without prejudice to renew the motion upon the completion of limited discovery. (ECF No. 10).

DATED:  October 7, 2010

**WILLIAM Q. HAYES**
United States District Judge