**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARMINDA O. ALAAN,<br><br>               Plaintiff,<br>   vs.<br>ASSET ACCEPTANCE LLC,<br><br>               Defendant. | CASE NO. 10cv328-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Reconsideration of Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment ("Motion for Reconsideration") filed by Defendant Asset Acceptance ("Asset"). (ECF No. 41).

## I. Background

On August 8, 2011, the Court issued an Order which granted in part and denied in part the motion for summary judgment filed by Defendant. (ECF No. 37). In the Order, the Court granted the motion for summary judgment as to four of the six violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.*, alleged in the Second Amended Complaint. The two violations that survived summary judgment allege that:

> e. Asset misrepresented that it was lawfully entitled to collect fixed interest of more than ten percent when such amount was not expressly authorized by [the] agreement creating the debt or permitted by law in violation of 15 U.S.C. §§ 1692e, and 1692f(1);
>
> f. Asset misrepresented that it was lawfully entitled to collect interest from March 8, 2005 on $3,991.42, when the amount of the debt at that time owed, if any, was less and closer to $3,200.00 thereby misrepresenting the amount of

> the debt including but not limited to the amount of interest which in addition was not expressly authorized by [the] agreement creating the debt or permitted by law all in violation of 15 U.S.C. §§ 1692e(2)(A), and 1692f(1).

(ECF No. 26 at 5).

On September 5, 2011, Defendant filed a Motion for Reconsideration. (ECF No. 41). Defendant contends that an account was stated between Plaintiff and Citibank establishing the interest rate applicable to her debt, and that Plaintiff failed to establish that a variable interest rate applied to the debt. Defendant contends:

> As a matter of law, ... an account was implicitly stated [between plaintiff Alaan and Asset's predecessor, Citibank] because Alaan admitted receiving monthly statements from Citibank, including the final statement sent by Citibank; admitted that every one of those statements, including the final one, was accurate; and admitted that she never objected to any of the statements, including the final one. Alaan's self-serving declaration that she never agreed to enter into an account stated – submitted almost six years after she received and failed to object to any of the statements – cannot suffice to create a genuine issue of material fact....
>
> Alaan... should not have been allowed to pursue... [a variable interest rate] theory because she impermissibly raised it for the first time in opposition to Asset's summary judgment motion. Regardless, it was Alaan's burden, not Asset's, to come forward with evidence to support her theory. Alaan presented no admissible evidence in opposition to Asset's motion establishing that there was a variable interest rate, let alone what that interest rate was – the only evidence she offered was her inadmissible hearsay declaration....
>
> Asset respectfully submits that the Court erred when it ruled that there was a genuine issue of material fact as to whether an account was stated and as to whether Asset's request for interest at a fixed rate of 24% was materially misleading.

(ECF No. 41 at 3-4).

On September 22, 2011, Plaintiff filed an opposition to the Motion for Reconsideration. (ECF No. 43). On October 4, 2011, Defendant filed a reply in support of the Motion for Reconsideration. (ECF No. 44).

## II.  Discussion

### A.  Standard of Review

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

**B.     Account Stated Theory**

"The action upon an account stated is not upon the original dealings and transactions of the parties. It is upon the new contract by and under which the parties have adjusted their differences and reached an agreement.... [I]f in writing, it should appear to be something more than a mere memorandum and should show with clearness and certainty that it was intended to be a final settlement up to date. Whether these conditions exist is usually a question to be determined by the trier of fact from all the circumstances of the case, and in reaching that determination reasonable inferences can be drawn in support of the claim of either party if there is any credible evidence warranting such action." *Fogarty v. McGuire*, 170 Cal. App. 2d 405, 409 (1959) (citations omitted).

In the motion for summary judgment, Defendant contended that an account stated was established by Plaintiff's October 20, 2005 credit card statement from Citibank, which reflected an interest rate for that month of 30.74%. (ECF Nos. 30-2 at 13). Defendant presented portions of Plaintiff's deposition testimony where Plaintiff admitted to receiving regular account statements, none of which she disputed, and to her understanding that Citibank would charge interest for any unpaid balances on the account. (Alaan Depo. at 24, 30, 52; ECF No. 30-3). In opposition to the motion for summary judgment, Plaintiff stated that she did not agree to any final balance or fixed interest rate with Citibank or Asset that would constitute an account stated between the parties. (Alaan Dec. ¶ 11, 12; ECF No. 32-8).

In the August 28, 2011 Order on Defendant's motion for summary judgment, the Court found that a trier of fact could reasonably find that Plaintiff's October 20, 2005 credit card statement did not clearly inform her that it was a final statement constituting a new contract and agreement to settle her debt with Citibank. The Court stated: "There is little to distinguish the October 20, 2005 statement from the March 22, 2005 statement, which is the only other monthly statement submitted by Asset." (ECF No. 37 at 4). The Court found that a genuine issue of material fact remains as to whether an account stated was created between Plaintiff and Citibank based upon the October 20, 2005 credit card statement. (ECF No. 37 at 14).

In the Motion for Reconsideration, Defendant presents no "newly discovered evidence" or "intervening change in controlling law" to support reconsideration of the Court's ruling regarding whether an account was stated between the parties. *ACandS, Inc.*, 5 F.3d at 1263. Rather, Defendant asserts the same contentions and same evidence as in the motion for summary judgment. Defendant further fails to show that the Court's August 28, 2011 ruling was in clear error or manifestly unjust. The Court finds that Defendant has failed to satisfy the standard required for granting reconsideration as to their theory of account stated.

### C. Contractual Interest Rate

In the motion for summary judgment, Defendant did not submit a copy of the credit card agreement between Plaintiff and Citibank, and the declaration submitted in support of the motion that referenced the card agreement was not based on personal knowledge of the terms of the agreement. The contractual rate of interest was not set forth in the portions of Plaintiff's deposition filed with the Court. The Court found that Defendant failed to submit competent evidence to establish the interest rate stated in the contract between Citibank and Plaintiff. Without such evidence, the Court could not make a finding as to whether applying a fixed interest rate, as opposed to a possibly lower, variable interest rate was a "non-material" misrepresentation. (ECF No. 37 at 15) (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010)).[1]

In the Motion for Reconsideration, Defendant presents no new evidence to establish the interest rate as stated in the contract between Citibank and Plaintiff. Defendant shows no change in controlling law or evidence of clear error to support reconsideration of the Court's ruling regarding the existence of a contractual interest rate between the parties. The Court finds that Defendant has failed to satisfy the standard required for granting reconsideration as to their theory of a contractual interest rate.

---

[1] In the Motion for Reconsideration, Defendant contends that Plaintiff improperly asserted a new "variable interest rate theory" in Plaintiff's opposition to summary judgment. (ECF No. 41 at 8). Because Defendant failed to show the applicable interest rate for Plaintiff's debt, the burden never shifted to Plaintiff to prove that a different rate applied, variable or otherwise. *See C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)

**III.    Conclusion**

IT IS HEREBY ORDERED that the Motion for Reconsideration is DENIED. (ECF No. 41).

DATED:  November 29, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge